# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. KLEMM,<br><br>    Plaintiff,<br>  vs.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 07-645-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the five disputed issues listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the JS filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
## **DISPUTED ISSUES**

As reflected in the JS, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the Plaintiff's credibility;
2. Whether the ALJ properly considered the lay witness testimony;
3. Whether the ALJ properly considered the consultative examiner's opinion of disability;
4. Whether the ALJ properly considered the Plaintiff's obesity; and
5. Whether the ALJ properly considered the type, dosage, effectiveness, and the side effects of Plaintiff's medications.

(JS at 3.)

# II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A.    Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to Assessment of Plaintiff's Credibility.**

The ALJ found that Plaintiff had the medically determinable severe impairment of bipolar disorder. (AR at 12.) He also found that Plaintiff had the residual functional capacity to perform work at any exertional level limited only to no work at unprotected heights, and to working with things rather than people. (Id.) As set forth by the ALJ, Plaintiff testified at the hearing as follows:

> [Plaintiff] got an AA degree in May 2006. Now he goes to ITT for computer aided drafting and design. He is doing well but does not care for the work. He also completed Bartending School and tried working but he did not socialize well with people. He said he has mood swings and is bipolar. He takes Ziprexa and did not do well on antidepressants. He became suicidal while on Prozac. He attends school 3 days a week from 8-12. He likes to listen to music, sleeps and checks email. He would be able to work for a while but not for 8 hours. He was hospitalized once for a depressive mood when he took Excedrin with alcohol. That was over 5 years ago. He is currently going to Jenny Craig for weight loss. He gets stress headaches once a week or once a month. He drives and goes to the gym, school, doctor and to church. He has difficulty sleeping at night. His doctor says he is doing better with counseling.

(AR at 12-13.)

Plaintiff contends that in finding Plaintiff not totally credible, the ALJ failed to properly consider Plaintiff's testimony regarding his subjective complaints. (JS at 4.) Specifically, he claims the ALJ failed to specify which

allegations he found not credible. (Id.) Plaintiff also claims that the reasons given by the ALJ for rejecting his testimony were not clear and convincing. (Id. at 4-5.) The Court disagrees.

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed);

Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Plaintiff contends the ALJ failed to properly indicate which portions of Plaintiff's testimony he found not credible. (JS at 4.) He also contends that this lack of specificity could lead to the conclusion that the ALJ found Plaintiff's statements regarding attendance at ITT, or membership in a gym, not entirely credible. (Id.) The Court notes, however, that the ALJ specifically stated he found Plaintiff's statements "concerning the intensity, persistence and limiting effects" of his symptoms not entirely credible. (AR at 13.) Thus, Plaintiff's contention lacks merit.

The ALJ also provided clear and convincing reasons for discounting Plaintiff's testimony. For instance, he noted that Plaintiff's complaints were inconsistent with the evidence of record: i) Plaintiff's activities, such as obtaining his AA degree, and attendance at ITT, were inconsistent with his allegations of disabling symptoms; ii) Plaintiff had not been hospitalized in the past two years; iii) Dr. Rodriquez' psychiatric evaluation stated that Plaintiff was "cognitively intact and his daily activities show he was quite active"; iv) Plaintiff was stable on medication and could improve further by taking anti-depressants; and v) Dr. Smith opined in her psychiatric evaluation that Plaintiff's stress, while high in a new situation, tended to resolve once he got used to the situation and that he was not seriously impaired. (Id. at 13, 216.) As previously discussed, these are legitimate bases for a credibility determination. See, e.g., Bunnell, 947 F.2d at 346-47 (ALJ may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary

techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms).

Accordingly, the Court finds no error with respect to the ALJ's adverse credibility determination because the reasons were supported by substantial evidence and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.

**B.    Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to Lay Witness Testimony.**

On June 2, 2004, Plaintiff's father submitted a third-party statement asserting the following issues:  Plaintiff takes a long time to complete chores, needs encouragement and reminders to complete chores, stays in his room and sleeps a lot when depressed, has limited contact with other people in addition to family, needs to be encouraged to take part and socialize with people, has a quick temper and gets easily depressed, resents authority figures, and is withdrawn and gets easily upset.  (AR at 75-83.)  Plaintiff contends that the ALJ's failure to discuss this questionnaire was error, as the ALJ failed to give germane reasons for rejecting this testimony.  (JS at 8.)  The Court disagrees.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000).

6

If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. He must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The Court does not agree that the ALJ rejected the statement submitted by Plaintiff's father. That statement in large part corroborated other evidence credited by the ALJ regarding Plaintiff's reduced ability to interact with others. For instance, Dr. Rodriguez noted that Plaintiff was slightly impaired in his ability to relate to and interact with supervisors, coworkers, and the public (AR at 191), and Dr. Smith's report indicated that Plaintiff was mildly impaired in this ability due to his anxious and depressed mood. (AR at 13, 216.) Plaintiff's father's statement is consistent with these opinions. Indeed, as a result of these opinions, the ALJ determined that Plaintiff should be limited to working with things, rather than people. (AR at 12.)

Accordingly, the Court finds that there was no error in the ALJ's failure to mention the statement of Plaintiff's father.

## C. **Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to the Opinion of the Consultative Examiner.**

As previously noted, on March 29, 2005, examining physician, Dr. Linda Smith, conducted a complete psychiatric evaluation of Plaintiff. She concluded that Plaintiff was mildly impaired in the following areas due to some interference from his anxious and depressed mood: i) his ability to understand, remember, or complete complex commands; ii) his ability to interact appropriately with supervisors, co-workers, or the public; iii) his ability to comply with job rules such as safety and attendance; iv) his ability to respond to change in the normal workplace; and v) his ability to maintain persistence and pace in a normal workplace setting. (AR at 216-17.)

Plaintiff contends the ALJ erred because he failed to state whether he

accepted or rejected these mild limitations, and that the combination of "so many mild limitations" "clearly" negatively affects Plaintiff's ability to perform and sustain employment. (JS at 11.) Plaintiff also appears to claim that if the ALJ intended to reject these opinions, he failed to provide specific and legitimate reasons for doing so. (Id. at 11-12.) The Court does not agree.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The same standards apply to examining physicians. See, e.g., Lester, 81 F.3d at 830-31.

Dr. Smith concluded that she did not believe Plaintiff's condition warranted a diagnosis of bipolar affective disorder, or that Plaintiff was seriously impaired as a result of his functional limitations and symptoms. (AR at 218.) As the ALJ

discussed Dr. Smith's report in the context of his reasons for discounting Plaintiff's credibility, it is impliedly apparent that he was accepting Dr. Smith's assessment that Plaintiff was no more than mildly limited in several functional areas. (AR at 13.) Plaintiff provides no support for his contention that the combined effect of the "numerous mild limitations," "clearly . . . negatively affected" Plaintiff's ability to perform and sustain employment. (JS at 11.) Moreover, despite Dr. Smith's diagnostic conclusion, the ALJ nevertheless gave Plaintiff the benefit of the doubt, finding that Plaintiff had a severe bipolar disorder. (Id.) He further found that Plaintiff should work with things rather than people. (Id. at 13.) Thus, to the extent, if any, the ALJ rejected Dr. Smith's opinion, it was to find Plaintiff slightly <u>more</u> limited than suggested by Dr. Smith, and any error was harmless. <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability).

Accordingly, the Court finds no legal error in the ALJ's failure to mention whether he accepted or rejected Dr. Smith's diagnosis and mild limitations.

**D.     Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to His Failure to Consider Plaintiff's Obesity.**

Plaintiff also claims the ALJ should have taken into account Plaintiff's obesity in arriving at his decision. (JS at 12-15.) He bases this contention on the April 27, 2006, opinion of Dr. J. Morgenstern, who stated that at 255 pounds[3] Plaintiff had obesity with a body mass index of 34. (AR at 259-60.) Dr. Morgenstern also indicated that Plaintiff's weight gain may have been due to his medication. (Id.) Plaintiff alleges that the ALJ should have considered Plaintiff's

---

[3] At the time of the October 12, 2006, hearing, Plaintiff testified his weight was down to 238 pounds, and that he was gong to Jenny Craig to try to get back to 200 pounds. (AR at 277.) He did not testify as to any effect his weight had on his impairment or ability to work.

9

obesity in combination with his other impairments to determine if Plaintiff meets the requirements of a separate Listing. (JS at 15.) The Court disagrees.

Generally, where there is evidence of obesity, the ALJ must determine the effect of the Plaintiff's obesity upon his other impairments, and his general health. See, e.g., Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003); see also Social Security Ruling 02-01p (requiring an ALJ to consider the effects of obesity at several points in the ALJ's evaluation). In Celaya, the Ninth Circuit Court of Appeals held that it was error for an ALJ not to develop the record on an obesity condition when that condition was likely a partial basis for the claimant's disability, or could exacerbate her reported illnesses, and where the claimant had proceeded pro se and likely never knew that "she *could* assert obesity as a partial basis for her disability." Celaya, 332 F.3d at 1183.

In Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005), the Ninth Circuit distinguished its holding in Celaya, holding that the ALJ had no duty to consider the represented plaintiff's obesity because there was no indication in the record that her obesity exacerbated her other impairments. Burch, 400 F.3d at 682. The court noted that there was no evidence before the ALJ, and none in the record, indicating that Burch's obesity limited her functioning; there were no treatment notes or any diagnoses addressing her limitations due to obesity; the record was silent as to whether and how her obesity might have exacerbated her condition; Burch did not specify which listing she believed she would have met or equaled had her obesity been considered; and she did not present any testimony or other evidence at the hearing that her obesity impaired her ability to work. Id. at 682-83. Moreover, unlike the claimant in Celaya, Burch had been represented by counsel throughout the proceedings. Id. ("[m]ore significantly, Burch was represented by counsel.").

The facts in this case closely resemble those in Burch. Here, represented by

counsel throughout the proceedings, Plaintiff presented no evidence that his obesity was disabling or that it exacerbated his bipolar disorder. See, e.g., Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005). Even Dr. Morgenstern did not offer such an opinion – he merely noted Plaintiff's weight gain and obesity and discussed a weight loss program with Plaintiff. (AR at 259). This is not enough for this Court to find error. See, e.g., Burch, 400 F.3d at 683 (holding that there was no reversible error in the ALJ's failure to consider the represented plaintiff's obesity where the only evidence in the record consisted of notes from doctors observing weight gain, indicating obesity, and recommending a medically supervised weight loss program). Nor does Plaintiff in this case set forth any evidence which would support the finding that Plaintiff's impairments met or equaled a Listing when obesity is included. Id. at 683 (plaintiff bears the burden of proving the impairment meets or equals the criteria of a listing; ALJ's failure to consider equivalence not error where claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing). As in Burch, there simply is no evidence in this record of any functional limitations as a result of Plaintiff's obesity that the ALJ should have, yet failed, to consider.

Accordingly, the Court finds there was no error in the ALJ's failure to address Plaintiff's obesity.

**E.   Reversal Is Not Warranted Based on the ALJ's Alleged Failure to Consider the Type, Dosage, Effectiveness, and Side Effects of Plaintiff's Medications.**

Plaintiff contends that because he presented evidence that he was suffering from side effects of his medication (i.e., Dr. Morgenstern's notes indicated that Plaintiff's medication might be contributing to Plaintiff's weight gain (JS at 16), and Plaintiff also testified to this effect (AR at 273)), the ALJ's failure to evaluate and consider the type, dosage, effectiveness, and side effects of Plaintiff's

1  medications, was error.  (Id.)

2  　　　The Court concurs with the Commissioner that there was no error.  As
3  discussed above, the record provided no evidence, and the ALJ found no
4  indication that Plaintiff's obesity limited his ability to work.  The fact that some of
5  his medication might have contributed to weight gain is of no consequence.  In
6  fact, Plaintiff himself also attributed his weight gain to overeating when he gets
7  depressed.  (AR at 277.)  Although Plaintiff also indicated he takes Atenolol to
8  control a rapid heartbeat which is a side effect of the Zypreza, he did not indicate
9  that he suffered from any of the other side effects which might be caused by
10 Zyprexa.  (JS at 16.)  In fact, he denied any other side effects.  (AR at 273.)

11 　　　Any failure to discuss Plaintiff's medication and its possible side effects
12 was harmless error.  Curry, 925 F.2d at 1131.

### IV.
### ORDER

　　　IT THEREFORE IS ORDERED that Judgment be entered affirming the
decision of the Commissioner, and dismissing this action with prejudice.

DATED: June 18, 2007

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HONORABLE OSWALD PARADA
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge