-O-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ROBERT J. KLEMM,                     )   Case No. EDCV 07-645-OP
                                     )
                  Plaintiff,         )   AMENDED
        vs.                          )   MEMORANDUM OPINION AND
                                     )   ORDER
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security,                            )
                                     )
                  Defendant.         )
                                     )

        The Court[1] now rules as follows with respect to the five disputed issues
listed in the Joint Stipulation ("JS").[2]

_____

        [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (See Dkt. Nos. 7, 9.)

        [2] As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record ("AR"), and the JS filed by the parties.  In accordance with
Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
which party is entitled to judgment under the standards set forth in 42 U.S.C. §
405(g).

# I.

## DISPUTED ISSUES

As reflected in the JS, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1.   Whether the ALJ properly considered the Plaintiff's credibility;

2.   Whether the ALJ properly considered the lay witness testimony;

3.   Whether the ALJ properly considered the consultative examiner's opinion of disability;

4.   Whether the ALJ properly considered the Plaintiff's obesity; and

5.   Whether the ALJ properly considered the type, dosage, effectiveness, and the side effects of Plaintiff's medications.

(JS at 3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

2

1

**III.**

2

**DISCUSSION**

3  **A.**   **Reversal Is Not Warranted Based on the ALJ's Alleged Error with**

4       **Respect to Assessment of Plaintiff's Credibility.**

5       The ALJ found that Plaintiff had the medically determinable severe

6   impairment of bipolar disorder.  (AR at 12.)  He also found that Plaintiff had the

7   residual functional capacity to perform work at any exertional level limited only to

8   no work at unprotected heights, and to working with things rather than people.

9   (Id.)  As set forth by the ALJ, Plaintiff testified at the hearing as follows:

10           [Plaintiff] got an AA degree in May 2006.  Now he goes to ITT

11       for computer aided drafting and design.  He is doing well but does not

12       care for the work.  He also completed Bartending School and tried

13       working but he did not socialize well with people.  He said he has mood

14       swings and is bipolar.  He takes Ziprexa and did not do well on

15       antidepressants.  He became suicidal while on Prozac.  He attends

16       school 3 days a week from 8-12.  He likes to listen to music, sleeps and

17       checks email.  He would be able to work for a while but not for 8 hours.

18       He was hospitalized once for a depressive mood when he took Excedrin

19       with alcohol.  That was over 5 years ago.  He is currently going to Jenny

20       Craig for weight loss.  He gets stress headaches once a week or once a

21       month.  He drives and goes to the gym, school, doctor and to church.

22       He has difficulty sleeping at night.  His doctor says he is doing better

23       with counseling.

24   (AR at 12-13.)

25       Plaintiff contends that in finding Plaintiff not totally credible, the ALJ

26   failed to properly consider Plaintiff's testimony regarding his subjective

27   complaints.  (JS at 4.)  Specifically, he claims the ALJ failed to specify which

28

3

1  allegations he found not credible.  (Id.)  Plaintiff also claims that the reasons given

2  by the ALJ for rejecting his testimony were not clear and convincing.  (Id. at 4-5.)

3  The Court disagrees.

4       An ALJ's credibility finding must be properly supported by the record and

5  sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily

6  reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341,

7  345-47 (9th Cir. 1991).  An ALJ may properly consider "testimony from

8  physicians . . . concerning the nature, severity, and effect of the symptoms of

9  which [claimant] complains," and may properly rely on inconsistencies between

10  claimant's testimony and claimant's conduct and daily activities.  See, e.g.,

11  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted).  An

12  ALJ also may consider "[t]he nature, location, onset, duration, frequency,

13  radiation, and intensity" of any pain or other symptoms; "[p]recipitating and

14  aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of

15  any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions";

16  "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure

17  to seek treatment or follow a prescribed course of treatment"; and "ordinary

18  techniques of credibility evaluation," in assessing the credibility of the allegedly

19  disabling subjective symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec.

20  Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec.

21  Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's

22  daily activities, and on conflict between claimant's testimony of subjective

23  complaints and objective medical evidence in the record); Tidwell v. Apfel, 161

24  F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support,

25  lack of treatment, daily activities inconsistent with total disability, and helpful

26  medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may

27  properly rely on the fact that only conservative treatment had been prescribed);

28

4

1   Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on

2   claimant's daily activities and the lack of side effects from prescribed medication).

3        Plaintiff contends the ALJ failed to properly indicate which portions of

4   Plaintiff's testimony he found not credible.  (JS at 4.)  He also contends that this

5   lack of specificity could lead to the conclusion that the ALJ found Plaintiff's

6   statements regarding attendance at ITT, or membership in a gym, not entirely

7   credible.  (Id.)  The Court notes, however, that the ALJ specifically stated he

8   found Plaintiff's statements "concerning the intensity, persistence and limiting

9   effects" of his symptoms not entirely credible.  (AR at 13.)  Thus, Plaintiff's

10  contention lacks merit.

11       The ALJ also provided clear and convincing reasons for discounting

12  Plaintiff's testimony.  For instance, he noted that Plaintiff's complaints were

13  inconsistent with the evidence of record:  i) Plaintiff's activities, such as obtaining

14  his AA degree, and attendance at ITT, were inconsistent with his allegations of

15  disabling symptoms; ii) Plaintiff had not been hospitalized in the past two years;

16  iii) Dr. Rodriquez' psychiatric evaluation stated that Plaintiff was "cognitively

17  intact and his daily activities show he was quite active"; iv) Plaintiff was stable on

18  medication and could improve further by taking anti-depressants; and v) Dr. Smith

19  opined in her psychiatric evaluation that Plaintiff's stress, while high in a new

20  situation, tended to resolve once he got used to the situation and that he was not

21  seriously impaired.  (Id. at 13, 216.)  As previously discussed, these are legitimate

22  bases for a credibility determination.  See, e.g., Bunnell, 947 F.2d at 346-47 (ALJ

23  may consider "[t]he nature, location, onset, duration, frequency, radiation, and

24  intensity" of any pain or other symptoms; "[p]recipitating and aggravating

25  factors"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he

26  claimant's daily activities"; "unexplained, or inadequately explained, failure to

27  seek treatment or follow a prescribed course of treatment"; and "ordinary

28

techniques of credibility evaluation," in assessing the credibility of the allegedly

disabling subjective symptoms).

Accordingly, the Court finds no error with respect to the ALJ's adverse

credibility determination because the reasons were supported by substantial

evidence and were sufficiently specific to permit the Court to conclude that the

ALJ did not arbitrarily discredit Plaintiff's subjective testimony.

**B.      Reversal Is Not Warranted Based on the ALJ's Alleged Error with**
         **Respect to Lay Witness Testimony.**

On June 2, 2004, Plaintiff's father submitted a third-party statement

asserting the following issues:  Plaintiff takes a long time to complete chores,

needs encouragement and reminders to complete chores, stays in his room and

sleeps a lot when depressed, has limited contact with other people in addition to

family, needs to be encouraged to take part and socialize with people, has a quick

temper and gets easily depressed, resents authority figures, and is withdrawn and

gets easily upset.  (AR at 75-83.)  Plaintiff contends that the ALJ's failure to

discuss this questionnaire was error, as the ALJ failed to give germane reasons for

rejecting this testimony.  (JS at 8.)  The Court disagrees.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to

medical evidence, the Commissioner "may also use evidence from other sources

to show the severity of  [an individual's] impairment(s) and how it affects [her]

ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by

friends and family members in a position to observe a claimant's symptoms and

daily activities have routinely been treated as competent evidence."  Sprague v.

Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn

hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th

Cir. 1996)) as well as to unsworn statements and letters of friends and relatives.

See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000).

1   If the ALJ chooses to reject such evidence from "other sources," he may not do so

2   without comment.  <u>Nguyen</u>, 100 F.3d at 1467.  He must provide "reasons that are

3   germane to each witness."  <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993).

4       The Court does not agree that the ALJ rejected the statement submitted by

5   Plaintiff's father.  That statement in large part corroborated other evidence

6   credited by the ALJ regarding Plaintiff's reduced ability to interact with others.

7   For instance, Dr. Rodriguez noted that Plaintiff was slightly impaired in his ability

8   to relate to and interact with supervisors, coworkers, and the public (AR at 191),

9   and Dr. Smith's report indicated that Plaintiff was mildly impaired in this ability

10  due to his anxious and depressed mood.  (AR at 13, 216.)  Plaintiff's father's

11  statement is consistent with these opinions.  Indeed, as a result of these opinions,

12  the ALJ determined that Plaintiff should be limited to working with things, rather

13  than people.  (AR at 12.)

14      Accordingly, the Court finds that there was no error in the ALJ's failure to

15  mention the statement of Plaintiff's father.

16  **C.**   **<u>Reversal Is Not Warranted Based on the ALJ's Alleged Error with</u>**

17       **<u>Respect to the Opinion of the Consultative Examiner</u>.**

18      As previously noted, on March 29, 2005, examining physician, Dr. Linda

19  Smith, conducted a complete psychiatric evaluation of Plaintiff.  She concluded

20  that Plaintiff was mildly impaired in the following areas due to some interference

21  from his anxious and depressed mood:  i) his ability to understand, remember, or

22  complete complex commands; ii) his ability to interact appropriately with

23  supervisors, co-workers, or the public; iii) his ability to comply with job rules

24  such as safety and attendance; iv) his ability to respond to change in the normal

25  workplace; and v) his ability to maintain persistence and pace in a normal

26  workplace setting.  (AR at 216-17.)

27      Plaintiff contends the ALJ erred because he failed to state whether he

28

7

accepted or rejected these mild limitations, and that the combination of "so many mild limitations" "clearly" negatively affects Plaintiff's ability to perform and sustain employment.  (JS at 11.)  Plaintiff also appears to claim that if the ALJ intended to reject these opinions, he failed to provide specific and legitimate reasons for doing so.  (Id. at 11-12.)  The Court does not agree.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The same standards apply to examining physicians.  See, e.g., Lester, 81 F.3d at 830-31.

Dr. Smith concluded that she did not believe Plaintiff's condition warranted a diagnosis of bipolar affective disorder, or that Plaintiff was seriously impaired as a result of his functional limitations and symptoms.  (AR at 218.)  As the ALJ

1   discussed Dr. Smith's report in the context of his reasons for discounting

2   Plaintiff's credibility, it is impliedly apparent that he was accepting Dr. Smith's

3   assessment that Plaintiff was no more than mildly limited in several functional

4   areas. (AR at 13.) Plaintiff provides no support for his contention that the

5   combined effect of the "numerous mild limitations," "clearly . . . negatively

6   affected" Plaintiff's ability to perform and sustain employment. (JS at 11.)

7   Moreover, despite Dr. Smith's diagnostic conclusion, the ALJ nevertheless gave

8   Plaintiff the benefit of the doubt, finding that Plaintiff had a severe bipolar

9   disorder. (Id.) He further found that Plaintiff should work with things rather than

10  people. (Id. at 13.) Thus, to the extent, if any, the ALJ rejected Dr. Smith's

11  opinion, it was to find Plaintiff slightly <u>more</u> limited than suggested by Dr. Smith,

12  and any error was harmless. <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1131 (9th Cir.

13  1990) (harmless error rule applies to review of administrative decisions regarding

14  disability).

15          Accordingly, the Court finds no legal error in the ALJ's failure to mention

16  whether he accepted or rejected Dr. Smith's diagnosis and mild limitations.

17  **D.   Reversal Is Not Warranted Based on the ALJ's Alleged Error with**

18       **Respect to His Failure to Consider Plaintiff's Obesity.**

19          Plaintiff also claims the ALJ should have taken into account Plaintiff's

20  obesity in arriving at his decision. (JS at 12-15.) He bases this contention on the

21  April 27, 2006, opinion of Dr. J. Morgenstern, who stated that at 255 pounds[3]

22  Plaintiff had obesity with a body mass index of 34. (AR at 259-60.) Dr.

23  Morgenstern also indicated that Plaintiff's weight gain may have been due to his

24  medication. (Id.) Plaintiff alleges that the ALJ should have considered Plaintiff's

25

26          [3] At the time of the October 12, 2006, hearing, Plaintiff testified his weight
    was down to 238 pounds, and that he was gong to Jenny Craig to try to get back to
27  200 pounds. (AR at 277.) He did not testify as to any effect his weight had on his
28  impairment or ability to work.

9

1  obesity in combination with his other impairments to determine if Plaintiff meets

2  the requirements of a separate Listing.  (JS at 15.)  The Court disagrees.

3         Generally, where there is evidence of obesity, the ALJ must determine the

4  effect of the Plaintiff's obesity upon his other impairments, and his general health.

5  See, e.g., Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003); see also Social

6  Security Ruling 02-01p (requiring an ALJ to consider the effects of obesity at

7  several points in the ALJ's evaluation).  In Celaya, the Ninth Circuit Court of

8  Appeals held that it was error for an ALJ not to develop the record on an obesity

9  condition when that condition was likely a partial basis for the claimant's

10  disability, or could exacerbate her reported illnesses, and where the claimant had

11  proceeded pro se and likely never knew that "she *could* assert obesity as a partial

12  basis for her disability."  Celaya, 332 F.3d at 1183.

13         In Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005), the Ninth Circuit

14  distinguished its holding in Celaya, holding that the ALJ had no duty to consider

15  the represented plaintiff's obesity because there was no indication in the record

16  that her obesity exacerbated her other impairments.  Burch, 400 F.3d at 682.  The

17  court noted that there was no evidence before the ALJ, and none in the record,

18  indicating that Burch's obesity limited her functioning; there were no treatment

19  notes or any diagnoses addressing her limitations due to obesity; the record was

20  silent as to whether and how her obesity might have exacerbated her condition;

21  Burch did not specify which listing she believed she would have met or equaled

22  had her obesity been considered; and she did not present any testimony or other

23  evidence at the hearing that her obesity impaired her ability to work.  Id. at 682-

24  83.  Moreover, unlike the claimant in Celaya, Burch had been represented by

25  counsel throughout the proceedings.  Id.  ("[m]ore significantly, Burch was

26  represented by counsel.").

27         The facts in this case closely resemble those in Burch.  Here, represented by

28

1  counsel throughout the proceedings, Plaintiff presented no evidence that his

2  obesity was disabling or that it exacerbated his bipolar disorder.  See, e.g., Burch

3  v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005).  Even Dr. Morgenstern did not

4  offer such an opinion – he merely noted Plaintiff's weight gain and obesity and

5  discussed a weight loss program with Plaintiff.  (AR at 259).  This is not enough

6  for this Court to find error.  See, e.g., Burch, 400 F.3d at 683 (holding that there

7  was no reversible error in the ALJ's failure to consider the represented plaintiff's

8  obesity where the only evidence in the record consisted of notes from doctors

9  observing weight gain, indicating obesity, and recommending a medically

10  supervised weight loss program).  Nor does Plaintiff in this case set forth any

11  evidence which would support the finding that Plaintiff's impairments met or

12  equaled a Listing when obesity is included.  Id. at 683 (plaintiff bears the burden

13  of proving the impairment meets or equals the criteria of a listing; ALJ's failure to

14  consider equivalence not error where claimant did not offer any theory, plausible

15  or otherwise, as to how his impairments combined to equal a listing).  As in

16  Burch, there simply is no evidence in this record of any functional limitations as a

17  result of Plaintiff's obesity that the ALJ should have, yet failed, to consider.

18        Accordingly, the Court finds there was no error in the ALJ's failure to

19  address Plaintiff's obesity.

20  **E.**    **Reversal Is Not Warranted Based on the ALJ's Alleged Failure to**

21        **Consider the Type, Dosage, Effectiveness, and Side Effects of Plaintiff's**

22        **Medications.**

23        Plaintiff contends that because he presented evidence that he was suffering

24  from side effects of his medication (i.e., Dr. Morgenstern's notes indicated that

25  Plaintiff's medication might be contributing to Plaintiff's weight gain (JS at 16),

26  and Plaintiff also testified to this effect (AR at 273)), the ALJ's failure to evaluate

27  and consider the type, dosage, effectiveness, and side effects of Plaintiff's

28

1   medications, was error.  (Id.)

2        The Court concurs with the Commissioner that there was no error.  As

3   discussed above, the record provided no evidence, and the ALJ found no

4   indication that Plaintiff's obesity limited his ability to work.  The fact that some of

5   his medication might have contributed to weight gain is of no consequence.  In

6   fact, Plaintiff himself also attributed his weight gain to overeating when he gets

7   depressed.  (AR at 277.)  Although Plaintiff also indicated he takes Atenolol to

8   control a rapid heartbeat which is a side effect of the Zypreza, he did not indicate

9   that he suffered from any of the other side effects which might be caused by

10   Zyprexa. (JS at 16.) In fact, he denied any other side effects.  (AR at 273.)

11        Any failure to discuss Plaintiff's medication and its possible side effects

12   was harmless error.  Curry, 925 F.2d at 1131.

## IV.

## ORDER

15        IT THEREFORE IS ORDERED that Judgment be entered affirming the

16   decision of the Commissioner, and dismissing this action with prejudice.

21   DATED:  June 18, 2008

                                    HONORABLE OSWALD PARADA
                                    United States Magistrate Judge